IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

THOMAS R. GONZALES,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Civil No. 10-3735(NLH)

**MEMORANDUM OPINION & ORDER**

**APPEARANCES:**

JASON LANELL THOMPSON
LEVENTHAL, SUTTON & GORNSTEIN, ESQS.
3800 HORIZON BLVD.
SUITE 101
TREVOSE, PA 19053-4947
    On behalf of Plaintiff

ELIZABETH ROTHSTEIN
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
26 FEDERAL PLAZA
ROOM 3904
NEW YORK, NY 10278
    On behalf of Defendant

**HILLMAN**, District Judge

    WHEREAS, this matter comes before the Court under Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income ("Social Security benefits") under Title II and Title XVI

of the Social Security Act; and

On October 8, 2015, this Court granted Plaintiff's appeal, and reversed and remanded the matter to the administrative law judge for further proceedings; and

On December 23, 2015, pursuant to Fed. R. Civ. P. 25(a),[1] Plaintiff's counsel filed a motion to substitute Plaintiff with Plaintiff's widow, Sylvia E. Gonzales, because Plaintiff died on April 23, 2013[2]; and

On January 22, 2016, the Court granted Plaintiff's motion; and

On December 22, 2016, Plaintiff filed another motion to substitute Sylvia E. Gonzales with her daughter, Monica Dee Gonzales, because Sylvia E. Gonzales died on June 12, 2016, and the benefits the original Plaintiff, Thomas Gonzales, would have received were to be awarded to his children; and

On that same date, Plaintiff filed a motion for attorney's

---

[1] Fed. R. Civ. P. 25 provides: (a) Death. (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

[2] The Court was not informed of Plaintiff's death until counsel filed the motion. Plaintiff originally filed this suit *pro se* on July 23, 2010, and counsel did not enter his appearance until July 23, 2012. The Commissioner was not served until March 22, 2013.

fees pursuant to the Social Security Act, 42 U.S.C. § 406(b), in the amount of $43,926.00; and

The attorney fee provision of the Social Security Act provides, "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which claimant is entitled by reason of such judgment," 42 U.S.C. §406(b)(1); and

Plaintiff represents that Plaintiff's children have been awarded over $170,000 in past-due Social Security disability benefits, and $43,926.00 has been withheld by the Commissioner for attorney's fees, which amount represents the contractual contingency fee of 25 percent of past-due benefits; and

Counsel for Plaintiff has certified that a total of 38.2 hours were expended on Plaintiff's civil action, which led to outstanding results for Plaintiff, who contractually agreed to pay the contingency fee; and

The Commissioner has not objected to Plaintiff's motion to substitute the current Plaintiff with her daughter; but

The Commissioner has filed a letter brief in opposition to Plaintiff's motion for attorney's fees; and

The Commissioner notes that even though the requested

amount does not exceed the statutory cap and there is no evidence of fraud or overreaching, the *de facto* hourly rate comes to $1,149.90 per hour, which amounts to an unreasonable windfall; and

The U.S. Supreme Court in <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 807 (2002) clarified that § 406(b) does not displace contingent-fee agreements, but rather calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases, and that within the 25 percent boundary, an attorney for a successful claimant must show that the fee sought is reasonable given the services rendered; and

The Court further notes that when determining whether an amount is reasonable, courts in the Third Circuit have considered the amount of time spent on the case, the result achieved, the experience of counsel, the nature of contingent fees and the risk of non-recovery, counsel's typical hourly rate, the Equal Access to Justice Act ("EAJA") fee previously requested, and whether the attorney is responsible for any unreasonable delays in the proceeding, see <u>Leak v. Commissioner of Social Security</u>, 2017 WL 5513191, at *2 (D.N.J. Nov. 17, 2017) (citations omitted); and

The Court further notes that a higher contingency fee is reasonable given the risk of non-recovery if Plaintiff's claims

4

were unsuccessful, see id.; and

The Court finds that the following weighs in favor of the requested and contractually agreed-upon 25 percent contingency fee:

1. Counsel has practiced law for over 30 years and is known nationally for his work in the disability law field, and has a non-contingent hourly rate of $525;

2. The fee sought would result in an imputed hourly rate that is less than twice the non-contingent hourly rate, which has been found to be reasonable, see Rothenbecker v. Astrue, 764 F. Supp. 2d 697, 699 (M.D. Pa. 2011) (quoting Hayes v. Sec'y of HHS, 923 F.2d 418, 422 (6th Cir. 1990)) ("[An] hourly rate that is less than twice the standard rate is per se reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.") (awarding counsel $24,896.38 in attorney's fees in a contingent-fee case that amounted to a little more than double ($850.00) his non-contingency hourly rate of $400);[3]

3. Counsel has not filed a petition for fees for the extensive time expended before the Agency;

---

[3] Plaintiff's counsel here is actually seeking $37,926.00 because he will return the $6,000.00 fee previously awarded under the Equal Access to Justice Act. Thus, the imputed hourly rate is $37,926.00 / 38.2 hours = $992.82, which is less than double his non-contingent rate of $525.00.

4. Prior to current counsel's representation, Plaintiff had already lost his claim at every level of review before the agency, his prior counsel had withdrawn, and he was forced to file a complaint in this Court *pro se*;

5. Counsel undertook a very difficult case with significant risk of loss in the court, persuaded the court to remand the case for a new hearing, and represented Plaintiff (and his surviving spouse and children) diligently on remand before the Commissioner to achieve a favorable result;

6. The Commissioner has not specifically pointed to any of counsel's time in his billing records that she claims is unreasonable, other than to note that the administrative record was 205 pages, which it describes as "small"; and

7. Plaintiff agreed to the 25 percent contingency fee; and

The Court finds that the foregoing factors show that the 25 percent contingency expressly permitted by § 406(b) is reasonable under these circumstances;

Accordingly,

IT IS on this  19th   day of   December  , 2017

ORDERED that the Clerk shall reopen the case and shall make a new and separate docket entry reading "CIVIL CASE REOPENED"; and it is further

ORDERED that Plaintiff's MOTION to Substitute Party [29]

be, and the same hereby is, GRANTED; and it is further

ORDERED that Plaintiff's MOTION for Attorney's Fees Pursuant to the Social Security Act [30] be, and the same hereby is GRANTED, and Counsel shall be awarded $37,926.00 in attorney's fees; and it is finally

ORDERED that the Clerk shall re-close the file and make a new and separate docket entry reading "CIVIL CASE TERMINATED."

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.